IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JULIO CESAR RODRIGUEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:18CV833 |
| | ) | |
| JACK CLELLAND, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina facing possible deportation by federal authorities after the service of his state sentence, submitted a petition under 28 U.S.C. § 2241 for a writ of habeas corpus, together with an application to proceed *in forma pauperis*. For the following reasons, the Petition cannot be further processed.

1. Petitioner's claims are not clear. In the Petition, Petitioner lists three potential claims. His first and third claims contend that, under 8 U.S.C. § 1231, state and federal authorities must deport him immediately rather than allow him to finish his state sentence before deportation. He also contends that their failure to do so violates his rights. However, the statute he cites actually states that the United States Attorney General "may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment." 8 U.S.C. § 1231(a)(4)(A). There is an exception for persons incarcerated by States, but it applies only where the chief State official issues a written request for removal because a person is confined for a nonviolent offense and removal is in the best interest of the State. 8 U.S.C. § 1231(a)(4)(B)(ii); Murray v. Holder, Civil Action No. TDC-14-3865, 2016 WL 1071004, at *2 (D. Md. Mar. 17, 2016) (unpublished), aff'd, 656 Fed. App'x 19 (4th Cir. 2016). Petitioner does not claim that this occurred in the present case. Further, as explicitly set out in § 1231, there is no private right of action to compel deportation under that statute. 8 U.S.C. § 1231(a)(4)(D); Murray, 2016 WL 1071004 at *2-3. Therefore, it is not clear how this statutory provision would support a claim under § 2241. In Petitioner's second claim for relief, he contends that the State of North Carolina could

> not prosecute him because he is a Mexican national. However, citizens of foreign countries cannot escape criminal liability for crimes committed in North Carolina or other states based on their nationality. Moreover, to the extent Petitioner is attempting to state a claim attacking his conviction, he must bring it under 28 U.S.C. § 2254, rather than § 2241. Given these issues and the lack of clarity in Plaintiff's claims, the present action should be dismissed without prejudice to Petitioner determining what type of claim he intends to raise and filing the claim on the proper forms.

Therefore, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects listed. The Court notes that it appears that Petitioner is presently in custody in Stanly County, North Carolina, in the Middle District of North Carolina, but that he was convicted and sentenced in the Superior Court of Mecklenburg County, within the territorial jurisdiction of the United States District Court for the Western District of North Carolina. Under 28 U.S.C. § 2241(d), "[w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." See also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 497 (1973). However, the Court may, in the exercise of its discretion and in furtherance of justice, transfer the § 2254 Petition to the "district court for the district within which the State court was held which convicted and sentenced" Petitioner. 28 U.S.C. § 2241(d). In accordance with the Joint Order of the United States District Courts for the Eastern, Middle, and

Western Districts of North Carolina, a § 2254 Petition filed in this District challenging this conviction or sentence would be transferred to the United States District Court for the Western District of North Carolina. Therefore, Petitioner should seek the proper forms from the Clerk of that district and file a habeas petition in the appropriate district. The address for the Clerk is: Room 210, Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, NC 28202. If Plaintiff instead files a § 2254 Petition in this District, he should address whether the case should be transferred to the Western District of North Carolina.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 31st day of October, 2018.

/s/ Joi Elizabeth Peake
United States Magistrate Judge